UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

*Electronically Filed*

| | |
|---|---|
| NORTHLAND INSURANCE COMPANY ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| ) | |
| v. ) | |
| ) | |
| COPPERHEAD LLC, ) | Civil Action No. _____ |
| RICHARD NOBLE, ) | |
| MARY NOBLE, ) | |
| ADA ROSS and ) | |
| HOLLY MINIARD ) | |
| ) | |
| Defendants ) | |
| _____) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Comes the Plaintiff, Northland Insurance Company, by counsel and for its Complaint for Declaratory Judgment against Defendants, Copperhead LLC, Richard Noble, Mary Noble, Ada Ross and Holly Miniard, hereby states as follows:

1. Plaintiff Northland Insurance Company ("Northland") is an insurance company incorporated and organized under the laws of the State of Connecticut, having its principal place of business in the State of Connecticut.

2. Defendant Copperhead LLC is a limited liability company created by its organizer Richard Noble in the Commonwealth of Kentucky and is licensed to do business in the Commonwealth of Kentucky.

3. Defendant Richard Noble is a resident of the Commonwealth of Kentucky.

4. Defendant Mary Noble is a resident of the Commonwealth of Kentucky.

5. Defendant Ada Ross ("Ross") is a resident of the Commonwealth of Kentucky.

6. Defendant Holly Miniard ("Miniard") is a resident of the Commonwealth of Kentucky.

## Venue, Jurisdiction and Applicable Law

7. This Court has jurisdiction over the subject matter and the parties in accordance with 28 U.S.C. §2201 and 28 U.S.C. §1332, in that there is diversity of citizenship and the matter in dispute, exclusive of interest and costs, has a value in excess of Seventy Five Thousand ($75,000.00) Dollars.

8. Venue in this district is proper under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in Perry County, Kentucky which falls in the Southern Division of the Eastern District of Kentucky.

## Facts

9. Northland issued a Commercial Automobile Liability Insurance Policy to the named insured "Copperhead LLC" under Policy Number WN167122 for the period of February 8, 2016 to February 8, 2017 ("Policy"). The Policy is attached hereto as Exhibit 1 and incorporated by reference.

10. On August 15, 2016, Ross was operating a motor vehicle on Acup Road in Perry County, Kentucky. Miniard was her passenger. Upon information and belief, Ross's vehicle struck a lowboy trailer ("Trailer") which had been parked on the side of Acup Road ("Accident").

When the Accident happened, the Trailer was not attached to any motor vehicle and was allegedly angled onto the roadway itself.

11. The Trailer was a 2004 Talbert Trailer (VIN 40FR0302742022899).

12. Approximately four months before the Accident, Northland deleted the Trailer from the Policy at the insured's request. Exhibit 2 is a true and accurate copy of an April 20, 2016 email message from Richard Noble to his insurance agent requesting this deletion.

13. In August 2017, Ross filed a complaint ("Lawsuit") against Mary Noble in Perry County Circuit Court alleging that Noble's negligence caused Ross's claimed injuries and damages in connection with the Accident. A true and accurate copy of the Complaint is attached as Exhibit 3. In pertinent part, Ross contends that Mary Noble owned the Trailer and had negligently parked it, causing Ross to strike it.

14. In September 2017, Miniard intervened in the Lawsuit to assert her own bodily-injury claim in connection with the Accident. A true and accurate copy of the Intervening Complaint is attached as Exhibit 4. Miniard also contends that Mary Noble owned the Trailer and had negligently parked it, causing Ross to strike it.

15. For the reasons set forth in this complaint, including but not limited to, the terms, conditions and exclusions in the Policy as well as applicable law, Northland has no duty to defend or indemnify Mary Noble on account of the Lawsuit.

16. In pertinent part, the Policy contains the following language:

**MOTOR CARRIER COVERAGE FORM**

**SECTION I – COVERED AUTOS**

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered

"autos." The symbols next to a coverage on the Declarations designate the only "autos" that are covered "autos."

### A. Description of Covered Auto Designation Symbols

**67** Specifically Described "Autos": Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three).

…

## SECTION II – LIABILITY COVERAGE

…

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the company providing this insurance.

…

### A. COVERAGE

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership maintenance or use of a covered "auto".

…

**1. Who is An Insured**

The following are "insureds":

**a.** You for any covered "auto".

…

**c.** The owner or anyone else from whom you hire or borrow a covered "auto" that is a "trailer" while the "trailer" is connected to another covered "auto" that is a power unit, or, if not connected, is being used exclusively in your business.

17. Because the Trailer was deleted from the Policy approximately four months before the Accident, it is not a Specifically Described "Auto" under Section I of the Motor Carrier Coverage Form. Therefore, Northland owes no duty to defend or indemnify Mary Noble in connection with the Lawsuit.

18. Because Mary Noble does not meet the definition of an "insured" under Section II of the Motor Carrier Coverage Form, Northland owes no duty to defend or indemnify her in connection with the Lawsuit.

## Count I

19. Northland repeats and incorporates by reference the allegations contained in paragraphs 1 through 18, inclusive as if fully set forth herein.

20. The claims alleged in the Lawsuit are not covered under the Policy due to the terms, condition, and exclusions contained in said Policy, as well as applicable law.

21. Northland has no duty to defend or indemnify Mary Noble under the Policy in connection with the Lawsuit.

22. An actual controversy exists regarding the rights and obligations of the parties under the Policy, pursuant to 28 U.S.C. §2201.

## Count II

23. Northland repeats and incorporates by reference the allegations contained in paragraphs 1 through 22, inclusive as if fully set forth herein.

24. Northland believes that it may have other coverage defenses that may be revealed during discovery in this action, and accordingly, incorporates all terms, conditions exclusions and other provisions in the Policy as defenses to any claims of coverage by the Defendants.

WHEREFORE, Northland respectfully requests that this Court enter a declaratory judgment as follows:

A. That Northland has no obligation under the Policy to defend Mary Noble in the Lawsuit;

B. That Northland has no duty to indemnify Mary Noble in the Lawsuit;

C. That Northland has no obligation under the Policy to provide coverage for any claims asserted in the Lawsuit;

C. That it be granted leave to amend this pleading as the discovery, proof and additional facts may require; and

D. All other proper relief to which it may now or hereafter appear to be entitled.

Respectfully submitted,

SCHILLER BARNES MALONEY PLLC

*/s/ Stephen C. Keller*

Stephen C. Keller, Esq.
Chapin E. Fausel, Esq.
401 W. Main Street, Suite 1600
Louisville, KY 40202
PH:   (502) 625-1694
FAX: (502) 779-9349
skeller@sbmkylaw.com
cfausel@sbmkylaw.com
*Counsel for Plaintiff,*
*Northland Insurance Company*